IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ALLEN ABNEY,
    Petitioner,

vs.                                      Case No.:  5:14cv147/WS/EMT

N.C. ENGLISH, WARDEN,
    Respondent.
_____/

## ORDER and REPORT AND RECOMMENDATION

      This case is before the court on Petitioner's habeas petition, filed pursuant to 28 U.S.C. § 2241 (doc. 1).  Respondent filed a response to the petition (doc. 8).  Petitioner filed a reply (doc. 10).  Petitioner also filed a Motion for Expansion of Record and Motion to Produce Documents (docs. 11, 12).

      The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by the parties, it is the opinion of the undersigned that the petition should be dismissed for lack of jurisdiction.

I.    BACKGROUND

      Following a jury trial in the United States District Court for the Western District of New York, Case No. 6:04cr06164-DGL-MWP, Petitioner was found guilty of one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g).  *See* <u>United States v. Abney</u>, No. 6:04cr06164-DGL-MWP, Verdict, Doc. 116 (W.D.N.Y. May 30, 2006).  On February 7, 2007, he was adjudicated guilty and sentenced as an armed career criminal, pursuant to 18 U.S.C. § 924(e)

("ACCA"), to 240 months of imprisonment followed by five (5) years of supervised release.[1] *Id.*, Judgment, Doc. 140 (W.D.N.Y Feb. 9, 2007). Petitioner appealed the judgment and sentence to the Second Circuit Court of Appeals, Case No. 07-0491. *Id.*, Notice of Appeal, Doc. 141 (W.D.N.Y. Feb. 12, 2007). The appellate court dismissed the appeal on February 17, 2009. *Id.*, Mandate, Doc. 164 (W.D.N.Y. June 1, 2009).

On October 1, 2009, Petitioner filed a motion to vacate sentence in the United States District Court for the Western District of New York, pursuant to 28 U.S.C. § 2255. *See* United States v. Abney, No. 6:04cr06164-DGL-MWP, Motion to Vacate, Doc. 179 (W.D.N.Y. Oct. 5, 2009). The district court denied the motion. *Id.*, Decision and Order, Doc. 187 (W.D.N.Y. Jan. 25, 2010). Petitioner subsequently filed another § 2255 motion. *Id.*, Motion to Vacate, Doc. 196 (W.D.N.Y. Jan. 21, 2011). The district court construed the motion as a request for permission to file a second or successive § 2255 motion and transferred the motion to the Second Circuit. *Id.*, Decision and Order, Doc. 197 (W.D.N.Y. Jan. 25, 2011). On October 17, 2011, the Second Circuit denied Petitioner's motion to file a second or successive § 2255 motion. *See id.*, Mandate, Doc. 201 (W.D.N.Y. Dec. 23, 2011).

Petitioner filed a § 2241 petition in this court on January 25, 2012. *See* Abney v. Augustine, No. 5:12cv19/MMP/EMT, Petition (N.D. Fla. Jan. 27, 2012). In his amended petition, he claimed he was "actually innocent" of the ACCA enhancement, because two of his prior state convictions, in 1987 and 1998, did not qualify as "serious drug offenses," and the other two state convictions, in 1985 and 1989, did not qualify as "violent felonies" at the time he was convicted of those offenses. *Id.*, Amended Petition (N.D. Fla. Feb. 7, 2012), Memorandum (N.D. Fla. Feb. 7, 2012). Petitioner contended the documents submitted by the Government in support of the ACCA enhancement demonstrated that the federal sentencing court applied Pennsylvania law at the time

---

[1] Section 924(e) provides, in relevant part:

In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1).

Case No: 5:14cv147/WS/EMT

of his federal sentencing to determine whether the prior convictions qualified under the ACCA. *Id.*, Memorandum (N.D. Fla. Feb. 7, 2012). He contended the subsequent Supreme Court decision in McNeill v. United States, — U.S. —, 131 S. Ct. 2218, 180 L. Ed. 2d 35 (2011), held that "a federal sentencing court must determine whether 'an offense under State law' is a 'serious drug offense' [for purposes of the ACCA] by consulting the 'maximum term of imprisonment' applicable to a defendant's previous drug offense at the time of the defendant's state conviction for that offense." 131 S. Ct. at 2224. Petitioner additionally challenged the legal sufficiency of the evidence upon which the federal sentencing court relied in imposing the ACCA enhancement. *Id.* He contended the court relied upon police reports and criminal complaints to determine whether his prior convictions qualified under the ACCA, in violation of Shepard v. United States, 544 U.S. 13, 125 S. Ct. 1254, 161 L. Ed. 2d 205 (2005). *Id.* The district court denied the § 2241 petition. *Id.*, Order (N.D. Fla. Oct. 22, 2012).

On or about June 23, 2014, Petitioner filed a successive § 2255 motion in the United States District Court for the Western District of New York (*see* doc. 10, Ex. A). The district court transferred the motion to the Second Circuit Court of Appeals for treatment as a motion to file a successive § 2255 motion (*id.*). On August 25, 2014, the Second Circuit denied Petitioner's motion to file a successive § 2255 motion, on the ground that he was not entitled to relief under Descamps v. United States, — U.S. —, 133 S. Ct. 2276, 186 L. Ed 2d 438 (2013), because that case did not announce a new rule of constitutional law and, even if it did, it has not been made retroactive on collateral review by the Supreme Court (doc. 10, Ex. B).

On June 17, 2014, prior to filing his successive § 2255 motion, Petitioner filed the instant § 2241 action (doc. 1). In Ground One, he contends his 1987 state conviction for felonious manufacture, creation, delivery or possession with intent to manufacture or deliver a controlled substance, does not qualify for the ACCA enhancement because it did not carry a penalty of up to ten years, and the federal court relied upon "not Shepard-approved documents" in determining that the conviction qualified under the ACCA (*see* doc. 1 at 7–8; doc. 10, Ex. 1, Plea Agreement). In Ground Two, Petitioner contends his 1989 state conviction for indecent assault does not qualify for the ACCA enhancement, because it was a misdemeanor that carried a maximum sentence of two years or less, it was pursuant to a nolo contendere plea, and it involved mere touching (*see* doc. 1

at 8–10; doc. 10, Exs. 3, 5). In Ground Three, Petitioner contends his trial counsel was ineffective for failing to investigate Petitioner's prior state convictions to determine whether they were qualifying offenses under the ACCA (*id.* at 10–11). In Ground Four, Petitioner argues he did not have assistance of counsel at sentencing and on direct appeal (*id.* at 11).

II. ANALYSIS

The power to issue the writ of habeas corpus was granted to the federal courts by the Judiciary Act of 1789. See United States v. Hayman, 342 U.S. 205, 211, 72 S. Ct. 263, 96 L. Ed. 232 (1952). The habeas remedy is now codified in § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." As noted in Hayman, habeas corpus applications are required to be brought in the district of confinement. 342 U.S. at 213.

Because courts which had federal prisons within their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of a sentence were generally located in the district where sentence was imposed rather than where the prisoner was confined, in 1948 Congress enacted § 2255 of Title 28. See Hayman, 342 U.S. at 212–14, 218; *see also* Wofford v. Scott, 177 F.3d 1236, 1239 (11th Cir. 1999). The language of § 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute was intended to channel challenges to the legality of the conviction and imposition of sentence, while leaving § 2241 available to challenge the continuation or execution of an initially valid confinement. See Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351–52 (11th Cir. 2008); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990) (§ 2255 is primary method of collateral attack on federally imposed sentence); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir. Apr. 1981) (attacks on the underlying validity of a conviction must be brought under 28 U.S.C. § 2255, not 28 U.S.C. § 2241).[2] Thus, § 2241 provides an avenue for challenges to matters such as the administration of parole, prison disciplinary actions, prison transfers, and certain types of detention. See Antonelli, *supra* (petition challenging decision of

---

[2] Decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to September 30, 1981 are binding as precedent on the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

Case No: 5:14cv147/WS/EMT

federal Parole Commission is properly brought pursuant to § 2241); Thomas v. Crosby, 371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is properly brought pursuant to § 2241); Bishop v. Reno, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons's administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence; thus it is a matter for habeas corpus review). A collateral attack on the validity of a federal conviction and sentence, is properly brought under 28 U.S.C. § 2255 in the district of conviction.  Antonelli, *supra*; Jordan, *supra*; McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).  A defendant may not circumvent the procedural limitations on § 2255 motions simply by styling his motion as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

> Title 28 U.S.C. § 2255(e) provides in pertinent part:
>
> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added); Wofford, 177 F.3d at 1238 (quoting § 2255 with added emphasis). The italicized language is known as the "savings clause."  The savings clause imposes a subject-matter jurisdictional limit on § 2241 habeas petitions.  *See* Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1338–40 (11th Cir. 2013).

In Bryant v. Warden, FCC Coleman–Medium, 738 F.3d 1253 (11th Cir. 2013), the Eleventh Circuit articulated five requirements necessary to proceed with a § 2241 petition raising sentencing claims under the savings clause.  To show that a § 2255 motion was "inadequate or ineffective to test the legality of his detention," Petitioner must establish that (1) throughout his sentencing, direct appeal, and first § 2255 proceeding, the Eleventh Circuit's binding precedent had specifically addressed his sentencing claim and squarely foreclosed it; (2) subsequent to his first § 2255 proceeding, a Supreme Court decision overturned Circuit precedent that had squarely foreclosed Petitioner's claim; (3) the new rule announced in the Supreme Court decision applies retroactively on collateral review; (4) as a result of the new rule being retroactive, Petitioner's current sentence exceeds the statutory maximum authorized by Congress; and (5) the savings clause in § 2255(e)

reaches Petitioner's claim of illegal detention above the statutory maximum penalty.  Bryant, 738 F.3d at 1274.

Petitioner relies upon the Supreme Court's decisions in Shepard v. United States, 544 U.S. 13, 125 S. Ct. 1254, 161 L. Ed. 2d 205 (2005), Descamps v. United States, — U.S. —, 133 S. Ct. 2276, 186 L. Ed 2d 438 (2013), and Begay v. United States, 553 U.S. 137, 128 S. Ct. 1581, 170 L. Ed. 2d 490 (2008), to satisfy the Bryant factors (*see* docs. 1, 10).[3]  Petitioner's reliance upon Shepard is unavailing, because that decision issued in 2005 and was thus available throughout his sentencing, direct appeal, and first § 2255 proceeding.  Likewise Begay, was decided prior to Petitioner's § 2255 proceeding; indeed, Petitioner acknowledges he alleged Begay error in his first § 2255 motion, but the court determined his claim was procedurally barred (*see* doc. 10 at 4–7).

Although Descamps was decided after Petitioner's first § 2255 proceeding, the Supreme Court has not made that case retroactive on collateral review.  *See, e.g.,* Wilson v. Warden, FCC Coleman, — F. App'x —, 2014 WL 4345685, at *3 (11th Cir. Sept. 3, 2014) (unpublished) (noting that the Supreme Court has not expressly declared Descamps to be retroactive to cases on collateral review, that Descamps was decided in the context of a direct appeal, and that the Supreme Court has not since applied it to a case on collateral review).  Further, the Supreme Court was clear in Descamps that its holding was dictated by established precedent.  *See* Descamps, 133 S. Ct. at 2283 ("Our caselaw explaining the categorical approach and its 'modified' counterpart all but resolves

---

[3]  In Shepard, the Supreme Court held that enquiry under the ACCA, codified at 18 U.S.C. § 924(e), to determine whether a plea of guilty to burglary defined by a nongeneric statute necessarily admitted elements of the generic offense is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information.  544 U.S. at 26.

In Descamps, the Supreme Court held that sentencing courts may not apply the modified categorical approach to determine if a conviction is a "violent felony" under the ACCA when the crime of conviction has a "single, indivisible set of elements."  133 S. Ct. at 2281–82.

In Begay, the Supreme Court held that driving under the influence of alcohol was not a "violent felony" under the ACCA because it did not involve purposeful, violent, or aggressive conduct and was not similar to burglary, arson, extortion, or crimes involving explosives.  553 U.S. at 145, 148.  Because the career offender provision of the federal sentencing guidelines uses language nearly identical to the definition of "violent felony" in the ACCA, Begay also limited the meaning of a "crime of violence" for purposes of the career offender enhancement.  *See* Spencer v. United States, — F.3d —, 2014 WL 6234529, at *2 (11th Cir. Nov. 14, 2014) (citation omitted).

this case."); *id.* at 2285 (describing the Court's prior applications of the modified categorical approach as "the only way we have ever allowed" that approach to be applied); *id.* at 2286 ("We know Descamps' crime of conviction, and it does not correspond to the relevant generic offense. Under our prior decisions, the inquiry is over."); *id.* at 2286 (describing Ninth Circuit's analysis as "[d]ismissing everything we have said on the subject"); *id.* at 2288 (describing Ninth Circuit's analysis as "flout[ing] our reasoning").  Therefore, the undersigned agrees with the other federal courts which have determined that Descamps did not announce a new rule; instead, it simply applied existing Supreme Court doctrine, and it is thus not retroactively applicable on collateral review. *See, e.g.*, United States v. Montes, 570 F. App'x 830, 831 (10th Cir. 2014) (unpublished); United States v. Chapman, — F. Supp. 2d —, 2014 WL 1931814, at *4 (D. Tex. May 14, 2014) ("While no circuit court has addressed the issue, the district courts that have done so consistently hold that Descamps does not apply retroactively to cases on collateral review.") (citations omitted); Brown v. United States, No. 2:13cv8052-VEH, 2014 WL 5795505, at *4 (N.D. Ala. Nov. 6, 2014) (unpublished) (Descamps did not announce a new rule of substantive law, rather, it merely clarified the proper analytical approach for determining whether a defendant's sentence should be enhanced under the ACCA); King v. United States, No. CV214-046, CR210-4, 2014 WL 5766774, at *3 (S.D. Ga. Nov. 5, 2014) (unpublished) (Descamps is not retroactively applicable as a substantive rule or as a new "watershed" procedural rule); Jones v. United States, Nos. 12-24521-CIV, 11-20767-CR, 2014 WL 4906217, at *6 (S.D. Fla. Sept. 30, 2014) (unpublished) (Descamps is not retroactively applicable on collateral review); Adams v. United States, Crim. No. 08-00155-CG, Civ. No. 14-00131-CG-M, 2014 WL 4685522, at *1 (S.D. Ala. Sept. 19, 2014) (unpublished) (same); Gray v. United States, No. 1:00-CR-0386-RWS, 2014 WL 749662, at *3 (N.D. Ga. July 28, 2014) (unpublished) (same); Bailey v. Warden, FCC Coleman-Medium, No. 5:09-cv-547-Oc-23PRL, 2014 WL 3707983, at *1 (M.D. Fla. July 25, 2014) (unpublished) (same).

III.     CONCLUSION

In summary, review under § 2241 is unavailable because Petitioner challenges the validity of his sentence, not the execution of an initially valid confinement.  Furthermore, he has not shown he is entitled to review via the savings clause portal of § 2255(e).  Because Petitioner is plainly not

entitled to pursue the relief he seeks under § 2241, this cause should be dismissed without further proceedings.

Accordingly, it is **ORDERED**:

1. Petitioner's Motion for Expansion of Record (doc. 11) is **GRANTED**.

2. Petitioner's Motion to Produce Documents (doc. 12) is **DENIED**

And it is respectfully **RECOMMENDED**:

1. That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 1) be **DISMISSED for lack of jurisdiction**.

2. That the clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida this 20th day of November 2014.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**